IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
TROY ALEXIS,                      :    MOTION TO VACATE
BOP No. 50253-019,                :    28 U.S.C. § 2255
     Movant,                      :
                                  :    CIVIL ACTION NO.
     v.                           :    1:11-CV-619-RWS-ECS
                                  :
UNITED STATES OF AMERICA,         :    CRIMINAL ACTION NO.
     Respondent.                  :    1:06-CR-318-2-RWS-ECS
```

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on federal inmate Troy Alexis's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence and the government's response. See [Doc. Nos. 289, 295]. For the following reasons, the undersigned will **RECOMMENDS** that the motion be denied and that a certificate of appealabilty be denied.

On May 24, 2007, Alexis entered, with the assistance of retained counsel, a non-negotiated guilty plea to six counts in an indictment charging him with drug and money laundering offenses. See [Doc. No. 131-1]. Roughly one month later, on June 18, 2007, represented by the same retained counsel, Alexis entered into a Cooperation Agreement in which he agreed to waive substantially all of his direct appeal and collateral attack rights in exchange for the government's commitment to consider filing a substantial-assistance motion recommending a downward departure at sentencing in return for his prospective cooperation in prosecuting co-

defendants. See [Doc. No. 277, Ex. 3]. Specifically, Alexis agreed that:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his sentence in any post-conviction proceeding, including a § 2255, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range [or file a cross-appeal] if the government appeals the sentence imposed . . . .

See [id. at Ex. 3]. The Honorable Richard W. Story questioned Alexis at length about his understanding of, and the voluntariness of, his waiver, and concluded that it was both knowingly and voluntarily given. See [Doc. No. 277 at 30-32].

In mid-2008, as his sentencing date approached, Alexis retained new counsel. See [Doc. Nos. 206, 214]. Alexis's sentencing date was postponed - twice - at the request of new counsel. See [Doc. Nos. 226, 231, 233, 234, 251].

At his sentencing on January 20, 2009, Alexis objected to recommendations that his sentence reflect that his money laundering scheme employed sophisticated means and that he had been a leader and organizer of the criminal activity. See [277 at 2]. The Court overruled both objections, and determined that Alexis's offense level was 41 and his criminal history category was III, resulting

2

in an advisory sentencing guideline range of 360 months to life. See [id. at 30].

Despite Alexis's failure to cooperate fully and truthfully in the prosecution of his co-defendants - a fact acknowledged by his counsel, see [Doc. No. 277 at 38] - the government nonetheless ultimately recommended a downward departure. See [id. at 47-48 (final recommendation of 290 months)]; see also [id. at 29 (initial recommendation of 324 months)]. To maintain parity with earlier sentenced defendants and in light of the other sentencing factors under 18 U.S.C. § 3553(a), the Court departed downward to impose on Alexis concurrent sentences of 260 months on three counts, 240 months on two counts, and 60 months on one count. See [id. at 48-51].

Alexis filed a notice of appeal pro se, see [Doc. No. 263], and his second retained counsel moved to withdraw, see [Doc. No. 266]. A third attorney was then appointed to represent Alexis. See [Doc. No. 270]. That counsel filed an Anders brief, and moved to withdraw. See United States v. Alexis, No. 09-10640, 2009 U.S. App. LEXIS 25638, *1 (11th Cir. Nov. 23, 2009). The United States Court of Appeals for the Eleventh Circuit determined after "independent review of the entire record . . . that counsel's assessment of the relative merit of the appeal [was] correct,"

3

granted the motion to withdraw, and affirmed Alexis's convictions and sentences.  Id.

Alexis then filed pro se the § 2255 motion now pending before the Court.  While waiting for the government to reply, Alexis moved to stay proceedings, and that request was granted.  See [Doc. No. 293].  That stay was later lifted at the government's request.  See [Doc. No. 294].

In his § 2255 motion, Alexis states four grounds for relief. Alexis contends that (1) his "guilty plea to the money laundering charge was unknowing and unintelligent" because his first retained counsel "did not explain" the elements of that charge (Ground Three); (2) his first retained counsel was ineffective in failing "to develop a proper understanding of the law or facts" leading Alexis to "ple[a]d guilty to charges without understanding the actual elements of the crimes or how the law applied to Mr. Alexis's facts" (Ground Four); (3) his first retained counsel "was ineffective because [an] omission [in the Cooperation Agreement] made the 5K1.1 motion useless . . . resulting in no actual reduction in sentence" (Ground One); and (4) the government engaged in misconduct by "intentionally deceiving [Alexis] into cooperating . . . by promising a sentence reduction" but then drafting and presenting "a document which . . . would have no effect because it lacked essential language" rendering "the consideration illusory"

4

(Ground Two).  See [Doc. No. 289 at 4-5].  In response, the government correctly points out:  (A) Alexis waived his direct appeal and collateral attack rights in the Cooperation Agreement; (B) the Cooperation Agreement was entered roughly one month after Alexis entered his non-negotiated guilty plea and is independent of that plea; and (C) the Court questioned Alexis at length regarding the waiver before finding that it was knowingly and voluntarily made.

In the Eleventh Circuit, "sentence appeal waivers, made knowingly and voluntarily, are enforceable." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding).  Such waivers are upheld where "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of that waiver."  Bushert, 997 F.2d at 1351.  Those requirements are met in this case.  See [Doc. No. 277 at 30-32].

The only potential reason not to enforce that waiver stems from Alexis's claim that the government reneged on its obligations under the Cooperation Agreement.  "Knowingly and voluntarily entered [] agreements are like contracts in which the government

5

and the defendant bargained for a deal," United States v. Bascomb, 451 F.3d 1292, 1295 (11th Cir. 2006), and the government is required to fulfill its promises, see Santobello v. New York, 404 U.S. 257, 262 (1971). Of course, "when the government's actions do not violate the terms of the [] agreement, there is no breach." United States v. Forney, 9 F.3d 1492, 1500 n.2 (11th Cir. 1993).

In this case, as in Forney, the government promised only to consider filing a substantial assistance motion, and it clearly did that - and more - when it in fact filed a U.S.S.G. §5K1.1 motion. See [Doc. No. 277 at 28-29 & 47-48]. Moreover, it is clear from the face of record that Alexis benefitted substantially from the Cooperation Agreement, as the government's §5K1.1 motion was instrumental in persuading the Court to depart downward from an advisory sentencing guideline range of 360 months to life to instead impose a 260-month sentence. See [277 at 47-51]. It is clear that there was no breach by the government of the Cooperation Agreement and that it did not omit terms necessary to enable Alexis to benefit from a downward departure. See Forney, 9 F.3d at 1500 n.2.

The undersigned **RECOMMENDS** that Alexis's § 2255 motion be **DENIED** pursuant to the valid waiver of his collateral attack rights. See also United States v. Buchanan, 131 F.3d 1005, 1008-09

(11th Cir. 1997) ("Where the appeal [or collateral attack] is due to be dismissed, sooner is better than later.")

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Because Alexis has not demonstrated that he is entitled to federal habeas relief or that the issue is reasonably debatable, the undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 21st day of November, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE